IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LESLIE EUGENE GITTOES and ISRAEL LUIS GONZALEZ, <br><br> Defendants. | Case No. 1:22-CR-00054 <br><br> **MEMORANDUM DECISION** <br><br> Judge David Sam |

Defendant Leslie Eugene Gittoes filed a Motion to Stay this case pending the United States Supreme Court's ruling in the case *Loper Bright Enterprises v. Raimondo* (Docket No. 22-451). Defendant Israel Luis Gonzalez joined the motion. That case is likely to be argued this fall, and Mr. Gittoes asserts that the US Supreme Court's decision in that case could possibly undermine the constitutional validity of Counts I (Conspiracy to Travel Interstate with Intent to Engage in the Business of Dealing Firearms Without a License, a violation of 18 USC §§ 371 and 924(n)) and II (Conspiracy to Commit Money Laundering, a violation of 18 USC § 1956(h)) of the Indictment in this case.

Mr. Gittoes notes that at least two sitting Supreme Court justices are highly critical of the Chevron doctrine, and as a result, Supreme Court experts are predicting that there are sufficient votes on the Court to overturn the Chevron deference doctrine, thereby removing the power of federal agencies to interpret and/or supplement statutes through federal regulation. Mr. Gittoes asserts that should the Supreme Court overturn the Chevron doctrine this fall, Defendants may have legal grounds to move to dismiss Counts One and Two of the Indictment. Specifically, they

say that they may be able to argue that the federal agency's regulations applying to federal firearms licensing no longer hold the authority of law and the statutes that incorporated those regulations would now be void for vagueness and/or unconstitutional on other grounds.

However, the government persuasively argues, and this court agrees, that all definitions related to a violation of 18 USC § 922(a)(1)(A) are provided via statute. There are no applicable administrative rules, regulations, or interpretations involved in this case. Rather, Congress has mandated who a "dealer" is, and the remaining inquiry calls for a simple and factual determination—did the "dealer" possess a license?  And while it is accurate that the process governing the acquisition and maintenance of a federal firearms license is governed by administrative regulations, the relevance of this process has no value in determining whether a violation has taken place.

The government references the Tenth Circuit Pattern Criminal Jury Instruction 2.41, which provides the following as to violations of 18 U.S.C. § 922(a)(1)(A):

> To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
> *First*: the defendant was a dealer in firearms on [date], engaged in the business of selling firearms at wholesale or retail;
> *Second*: the defendant engaged in such business without a license issued under federal law; and
> *Third*: the defendant did so willfully, that is, that the defendant was dealing in firearms with knowledge that his conduct was unlawful.

The Pattern Criminal Jury Instruction makes no mention of the government being required to prove that they followed the regulations applicable to federal firearms dealing licenses. Congress has mandated who a "dealer" is. All that remains is a simple, factual determination— did the "dealer" possess a license?

As noted by the government, Defendants Gittoes and Gonzalez are not charged with any violation that implicates the Bureau of Alcohol Tobacco and Firearm's administrative

rulemaking authority. Therefore, the outcome of the *Loper Bright Enterprises v. Raimondo* case has no bearing in this matter. The Motion for a Stay (ECF 99) is denied.

DATED this 17th day of August, 2023

_____
DAVID SAM
UNITED STATES DISTRICT COURT JUDGE